# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:10cv181

| | |
|---|---|
| CARL EDWARD WILEY, )<br> )<br>Plaintiff, )<br> )<br>v. )<br> )<br>BUNCOMBE COUNTY; )<br>VAN DUNCAN, Sheriff, Buncombe )<br>County; )<br>BUNCOMBE COUNTY DETENTION )<br>FACILITY;[1] and )<br>K. HANSE, Clerk, Superior Court of )<br>Buncombe County, )<br> )<br>Defendants. )<br>_____ ) | **O R D E R and N O T I C E** |

**THIS MATTER** is before the Court on the following motions:

(1) Defendants Buncombe County, Buncombe County Detention Facility ("BCDF")

and Van Duncan's Motion to Dismiss (Doc. No. 20);

(2) Defendant Hanse's Motion to Dismiss (Doc. No. 21);

(3) Plaintiff's Motion for Default Judgment (Doc. No. 23);

(4) Plaintiff's Motion to Appoint Counsel (Doc. No. 24); and

(5) Plaintiff's Motions for Summary Judgment (Doc. Nos. 29 and 34).

On August 25, 2010, Plaintiff filed a civil rights Complaint under 42 U.S.C. §§ 1983 and 1985, alleging that prior to September 3, 2008, he was a pre-trial detainee at the BCDF. (Doc. No. 1 at 3). On September 3, 2008, he was wrongfully committed to Dorothea Dix Hospital for reportedly exhibiting symptoms of paranoia and delusion. (Id. ). On March 5, 2009, Plaintiff

---

[1] The Buncombe County Detention Facility hereinafter will be referred to as the "BCDF."

was involuntarily committed to Broughton Hospital because a physician at Dorothea Dix found him incapable of proceeding to trial. (Id. at 4). However, on March 12, 2009, a physician at Broughton Hospital reportedly determined that Plaintiff was not suffering from any mental disorder and recommended that he be returned to the BCDF. (Id.). On June 25, 2009, Plaintiff was taken from Broughton Hospital back to Dorothea Dix for another evaluation, after which he was returned to the BCDF on or about July 1, 2009. (Id. at 5). On August 5, 2009, a second competency hearing was held in the Superior Court of Buncombe County during which Plaintiff's court-appointed attorney reportedly testified that Plaintiff was a danger to himself and others, and was incapable of proceeding to trial. (Id.). At the conclusion of that hearing, the Court again involuntarily committed Plaintiff to Broughton Hospital. (Id.). On August 13, 2009, Plaintiff arrived at Broughton Hospital where he remained until December 17, 2009. (Id.). Once again, a physician at Broughton Hospital reportedly determined that Plaintiff did not meet the criteria for an involuntary commitment; that he should have been returned to the BCDF; and that the commitment proceedings should have been dismissed. (Id. at 5-6).

The Complaint further alleges that on May 28, 2010, Plaintiff filed a Petition for a Writ of Habeas Corpus with Defendant Hanse, the Clerk of Court for Buncombe County. (Id. at 6). Plaintiff contends that Defendant Hanse received his Petition on June 3, 2010, but failed to deliver it to the "intended parties," thereby causing Plaintiff to remain in custody in violation of his constitutional rights. (Id. at 7). On June 28, 2010, Plaintiff was screened by a "certified forensic evaluator" who reportedly told him she found nothing wrong with him and would recommend to the Court that he proceed to trial. (Id. at 7-8). On July 30, 2010, Chief Judge Alan Z. Thornburg found a probable basis for relief on Plaintiff's "capacity/continued confinement issue" and directed that he be brought to Court on August 13, 2010 for a probable

2

cause hearing on his habeas Petition. (Id. at 6). On August 13, 2010, Plaintiff allegedly showed them a copy of the order scheduling his hearing; however, Defendant Duncan, his agents and others acting in concert with him failed to take Plaintiff to court for his hearing. (Id. at 8). Therefore, on August 16, 2010, Plaintiff filed a grievance with the BCDF complaining that he was intentionally being detained in violation of the Constitution. (Id.). On August 18, 2010, Lieutenant Honeycutt denied the grievance, explaining that Plaintiff's hearing was continued from August 13 until later in the month because his attorney had been on a previously scheduled vacation. (Id. at 8).

On August 25, 2010, Plaintiff filed the instant Complaint alleging that there was no good cause for the continuance of his State habeas corpus hearing; that the continuance was granted in violation of various State court rules; and that Defendants acted in concert with one another and with others to unlawfully confine him in violation of his Sixth and Fourteenth Amendment rights. (Id. at 9-11). Such Complaint seeks injunctive relief along with hundreds of thousands of dollars in monetary damages. (Id. at 13).

Nevertheless, the record before the Court further reflects that on August 27, 2010, Plaintiff attended his habeas corpus hearing. (Doc. No. 20-2 at 3). However, at the conclusion of that hearing, Plaintiff's Petition was denied. (Doc. No. 20-1, Exhibit A).

Turning now to the Motions before the Court, Plaintiff has filed a Motion for Default Judgment contending that no answer or defense has been filed by Defendant Hanse, and that Defendants Buncombe County, Buncombe County Detention Facility and Duncan, acting in concert with Defendant Hanse, have knowingly filed an altered legal document with the Court. (Doc. No. 23 at 1-2). Plaintiff asks the Court to enter a Judgment in his favor. (Id. at 3).

Rule 55(b)(2) of the Federal Rules of Civil Procedure provides that a default judgment

3

can be entered only after the Court has found a party in default. See Klapprott v. United States, 335 U.S. 601, 611 (1949). Indeed, an entry of default must precede a default judgment in order to "provide notice to the defaulting party . . . ." Carbon Fuel Co. v. USX Corp., 153 F.3d 719 * 2 (4 th Cir. Aug. 6, 1998) (table). In the instant case, Plaintiff has failed to show either that there has been an entry of default or that Defendants have failed to respond to his allegations as would be required under Rule 55(a). Therefore, Plaintiff's Motion for Default Judgment (Doc. No. 23) must be denied.

Plaintiff also has filed another Motion for Appointment of Counsel. (Doc. No. 24). As like his first Motion for Appointment of Counsel (Doc. No. 7), Plaintiff reports, among other matters, that he cannot afford to hire an attorney, his incarceration will limit his ability to litigate his claims, his claims are complex, his period of segregated confinement will limit his access to the law library. (Doc. No. 24 at 1-2). However, as Plaintiff previously was advised, the Court's authority to solicit the assistance of an attorney for him is discretionary under 28 U.S.C. § 1914(e)(1) , and can only be invoked in exceptional circumstances. Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds, Mallard v. United States Dist. Court for the S. Dist. of Iowa, 490 U.S. 296 (1989). The existence of exceptional circumstances hinges on the "characteristics of the claim and the litigant." Whisenant, 739 F.2d at 163.

The Court has reviewed the record and determined that Plaintiff's allegations are not so complex that he could not be expected to adequately represent himself in this action. Moreover, the Court has determined that Plaintiff is adequately representing himself. Therefore, his Motion for Appointment of Counsel (Doc. No. 24) must be denied.

Defendants Buncombe County, Buncombe County Detention Facility and Duncan filed a Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. No.

4

20). Taking their arguments out of order, the subject Defendants contend, <u>inter alia</u>, that because Plaintiff is challenging his continued confinement, pursuant to <u>Preiser v. Rodriguez</u>, 411 U.S. 475 (1973), his sole avenue for seeking relief for his allegedly unlawful confinement is by a federal petition for a writ of writ of habeas corpus. (Doc. No. 20-2 at 4-5). Defendants also contend that to the extent Plaintiff's claims are cognizable under § 1983, his demand for money damages still is barred by the holding from <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994). (<u>Id</u> at 5-6). Defendants further argue that Plaintiff has failed to state a claim for relief for unlawful confinement in that his probable cause hearing was held on August 27, 2010 instead of its originally scheduled date of August 13, 2010, and his habeas corpus petition ultimately was denied. Therefore, Defendants contend that Plaintiff cannot show that he was deprived of his right to that proceeding or that he otherwise was unlawfully detained. (<u>Id.</u> at 4).

      In addition, on March 7, 2011, Defendant Hanse filed a Motion to Dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. No. 21). Defendant Hanse argues that the Court lacks subject matter jurisdiction because the Eleventh Amendment bars damage actions against the State in federal court; and that she enjoys absolute immunity from suit for actions taken in the course of her professional duties, and no actual justiciable controversy exists between her and Plaintiff. (<u>Id.</u> at 1-2).

      Having considered the forgoing Motions to Dismiss, in accordance with <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975), the Court advises Plaintiff, who is proceeding <u>pro se</u> of his obligation to respond to Defendants' Motions to Dismiss. In particular, Plaintiff is advised that the portions of the Defendants Motions that are made pursuant to Rule 12(b)(6) are aimed at testing the "legal sufficiency of the complaint" but "do[] not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." <u>Republican Party of N.C. v.</u>

Martin, 980 F.2d 943, 952 (4th Cir. 1992).  Thus, a complaint that is attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1960 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id.

The portion of Defendant Hanse's Motion to Dismiss made under Rule 12(b)(1) questions the Court's power to hear Plaintiff's case.  Union Pacific R. Co. v. Brotherhood of Locomotive Engineers and Trainmen Gen. Comm. of Adjustment, Central Region, 130 S.Ct. 584, 596 (2009) (internal quotation marks and citation omitted).  When, as here, a defendant challenges whether the complaint alleges facts upon which subject matter jurisdiction can be based, "the plaintiff, in effect, is afforded the same procedural protection as he would receive under a Rule 12(b)(6) consideration" in that "the facts alleged in the complaint are taken as true, and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction."  Kerns v. United States, 585 F.3d 187, 192 (4th Cir. 2009).  As was already noted, such a motion does not resolve contests surrounding the facts or merits of a claim, or the applicability of defenses.  Republican Party of N.C., supra, 980 F.2d at 982.  However, Plaintiff is advised that he bears the burden of proving that subject matter jurisdiction exists.  Richmond, Fredericksburg & Potoma R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991).

In considering Plaintiff's Complaint, the court "'need not accept [his] legal conclusions drawn from the facts,' nor need it 'accept as true unwarranted inferences, unreasonable conclusions, or arguments.'"  Philips v. Pitt County Memorial Hospital, 572 F.3d 176, 179-80

(4th Cir.2009) (quoting Kloth v. Microsoft Corp., 444 F.3d 312, 319 (4th Cir. 2006). Furthermore, Defendants need not demonstrate that there is no set of facts which would entitle Plaintiff to relief. Bell, at 562.

Plaintiff is also advised that the Court may take judicial notice of matters of public record, and may consider documents attached to his Complaint as well as those attached to Defendants' Motion to Dismiss, so long as those documents "are integral to the complaint and authentic." See Philips, supra, at 180 (citing Blankenship v. Manchin. 471 F.3d 523, 526 n. 1 (4th Cir. 2006). However, if Plaintiff chooses to file documents, affidavits, or declarations in opposition to Defendants' Motions to Dismiss, such action may result in the conversion of the motion for judgment on the pleadings to a motion for summary judgment under the Federal Rules of Civil Procedure, Rule 56. Fed. R. Civ. P. 12(d).

Finally, Plaintiff has filed his own Motions for Summary Judgment (Doc. Nos. 29 and 34). However, the Court has not yet ruled on Defendants' Motions to Dismiss. Furthermore, Plaintiff has failed to support his Motions for Summary Judgment with a forecast of his evidence as contemplated by Rule 56(c). Therefore, Plaintiff's Motions for Summary Judgment will be dismissed as premature.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff has thirty (30) days from the entry of this Order to file his response to Defendants' Motions to Dismiss (Doc. Nos. 20 and 21). <u>Plaintiff's failure to respond may result in the Court's granting a judgment for Defendants, that is, in the dismissal of Plaintiff's Complaint without any further notice to him</u>.

2. Plaintiff's Motion for Default Judgment (Doc. No. 23) is **DENIED**.

3. Plaintiff's Motion to Appoint Counsel (Doc. No. 24) IS **DENIED.**

4, Plaintiff's Motions for Summary Judgment (Doc. Nos. 29 and 34) are **DISMISSED** as premature.

5. The Clerk is directed to send copies of this Order and Notice to the parties, including Carl Edward Wiley, Inmate No. 0437755, Scotland Correctional Institution # 4860, Post Office Box 1808, Laurinburg, NC 28353.

Signed: August 2, 2011

Robert J. Conrad, Jr.
Chief United States District Judge