UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:10-cv-181-RJC

| | |
|---|---|
| CARL EDWARD WILEY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> BUNCOMBE COUNTY, et al., ) <br> ) <br> Defendants. ) <br> _____ ) | ORDER |

**THIS MATTER** is before the Court on the following motions:

(1) Plaintiff's Motion for Relief pursuant to N.C.G.S. §§ 17-1 through 17-45, (Doc. No. 38);

(2) Plaintiff's Motion to Deny Defendants' Motions to Dismiss, (Doc. No. 41); and

(3) Plaintiff's Motion for Entry of Default, (Doc. No. 44).

On August 25, 2010, Plaintiff filed a civil rights Complaint under 42 U.S.C. §§ 1983 and 1985, alleging that Defendants unlawfully subjected him to multiple periods of involuntary commitment and failed to take proper action on a state habeas corpus petition that he filed challenging the periods of commitment. (Doc. No. 1).

On February 8, 2011, the Court entered an Order directing Defendants to file an Answer to Plaintiff's allegations. (Doc. No. 17). On March 3, 2011, Defendants Buncombe County, Buncombe County Detention Facility and Van Duncan ("Duncan") filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 20). On March 7, 2011, Defendant K. Hanse ("Hanse") filed a Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Doc. No. 21).

On July 11, 2011, Plaintiff filed a Motion for Relief in which he asked the Court to grant the relief he requested in his Complaint. (Doc. No. 38). On August 2, 2011, the Court entered an Order and Notice pursuant to <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the standards governing motions made under Rules 12(b)(1) and 12(b)(6) and directing him to respond to Defendants' Motions. (Doc. No. 40). In response, on August 17, 2011, Plaintiff filed a "Motion to Deny Defendants' Motions to Dismiss." (Doc. No. 41). Plaintiff also filed a Motion for Entry of Default on August 29, 2011. (Doc. No. 44).

Plaintiff filed his Motion for Relief, (Doc. No. 38), purportedly pursuant to Federal Rule of Civil Procedure 12. However, as Defendants Buncombe County, Buncombe County Detention Center and Duncan properly contend in their Response, (Doc. No. 39), Rule 12 does not give Plaintiff authority to file a motion for relief. Accordingly, Plaintiff's Motion for Relief, (Doc. No. 38), is denied.

Plaintiff filed a Motion to Deny Defendants' Motions to Dismiss. (Doc. No. 41). The Court construes Plaintiff's Motion as a Response to Defendants' Motions to Dismiss and will consider those arguments at such time as it resolves Defendants' Motions to Dismiss.

Finally, Plaintiff filed a Motion for Entry of Default against Hanse for her failure to respond to his Complaint. (Doc. No. 44). Rule 12(b) of the Federal Rules of Civil Procedure requires that the defenses set forth under 12(b)(1) through (7) must be asserted in a motion made before filing a responsive pleading. Hanse filed a Motion to Dismiss pursuant to Rules 12(b)(1) and 12(b)(6). Hanse's Motion tolls the deadline for the filing of her response to Plaintiff's Complaint. <u>See generally</u> <u>Whittaker v. Morgan State Univ.</u>, No. JKB–09–3135, 2011 WL 4072193, at *3 (D. Md. Sept. 12, 2011). If the Court denies Hanse's Motion to Dismiss, she will have "14 days after notice of the court's action" in which to file her Answer. FED. R. CIV. P.

RULE 12(a)(4). The record establishes that Hanse is not in default. Therefore, Plaintiff's Motion for Entry of Default, (Doc. No. 44), is denied.

**IT IS, THEREFORE, ORDERED** that:

(1) Plaintiff's Motion for Relief, (Doc. No. 38), is **DENIED**; and

(2) Plaintiff's Motion for Entry of Default, (Doc. No. 44), is **DENIED**.

Signed: December 19, 2011

Robert J. Conrad, Jr.
Chief United States District Judge