UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:10-cv-181-RJC

| | |
|---|---|
| CARL EDWARD WILEY, | ) |
| Plaintiff, | ) |
| v. | )     **ORDER** |
| BUNCOMBE COUNTY, et al., | ) |
| Defendants. | ) |

**THIS MATTER** comes before the Court upon the following motions:

1. Defendants Buncombe County, Sheriff Van Duncan and the Buncombe County Detention Facility's Motion to Dismiss, (Doc. No. 20);

2. Defendant Kathryn M. Hansen's Motion to Dismiss, (Doc. No. 21); and

3. Plaintiff's Motion for Leave to Alter Judgment, (Doc. No. 47).

**I.  BACKGROUND**

On August 25, 2010, Plaintiff Carl E. Wiley ("Plaintiff") filed a civil rights Complaint under 42 U.S.C. §§ 1983 and 1985, alleging that Defendants unlawfully subjected him to multiple periods of involuntary commitment and failed to take proper action on a state habeas corpus petition that he filed challenging the periods of commitment. (Doc. No. 1). Plaintiff contends that Defendants Buncombe County ("County"), Buncombe County Sheriff Van Duncan in his official and individual capacities ("Sheriff Duncan") and the Buncombe County Detention Facility ("BCDF") failed to bring him to a habeas corpus hearing on August 13, 2010 at 2:00 before the Honorable Alan Z. Thornburg ("Judge Thornburg") resulting in an unlawful incarceration.

Plaintiff states that on September 3, 2008 Plaintiff was wrongfully committed to Dorothea Dix Hospital. (Doc. No. 1 at ¶ 10). On March 5, 2009, Plaintiff was ordered to be involuntarily committed to Broughton Hospital because Plaintiff was allegedly found to be incapable to proceed to trial. (Id. at ¶ 11). On June 25, 2009, Plaintiff was ordered back to Dorothea Dix Hospital and then returned to BCDF on or about July 1, 2009. (Id. at ¶ 12). On August 13, 2009, Plaintiff was escorted to Broughton Hospital and held there until December 17, 2009. (Id. at ¶ 14).

On May 28, 2010, Plaintiff submitted a pro se petition for a Request for a Writ of Habeas Corpus. (Id. at ¶ 15). Plaintiff alleges that on or about June 3, 2010, Defendant Kathryn M. Hansen, Buncombe County Deputy Clerk of Courts ("Hansen"), received the pleading. (Id. at ¶ 16). However, according to Plaintiff, Hansen "is believed to have failed to deliver the ch-17 Writ of Habeas Corpus order by Chief Resident Superior Court Judge Alan Z. Thornburg, to intended parties. ...And [Hansen] suggested that the plaintiff, do not write this office again." (Id. at ¶¶ 6, 16). On or about July 30, 2010, Judge Thornburg stated that there was probable cause for relief on Plaintiff's capacity/confinement issue and ordered that Plaintiff be produced in Superior Court pursuant to an accompanying writ. (Id. at ¶ 16).

On or about August 13, 2010, Plaintiff alleges that he waited to be escorted to court for his probable cause hearing for confinement relief and that Sheriff Duncan and/or agents of Sheriff Duncan failed to produce Plaintiff. (Id. at ¶ 18). Plaintiff alleges he showed the commanding officer of the Housing Unit a copy of the court order and also showed the order to the sergeant, requesting to be taken to court for his scheduled hearing. (Id.). The sergeant stated that they must wait until someone from the court called for the plaintiff to be brought over. (Id.).

On or about August 16, 2010, Plaintiff filed a grievance with BCDF stating that he was

intentionally detained in violation of the Constitution. (Id. at ¶ 19). On or about August 18, 2010, Lt. Honeycutt of BCDF denied Plaintiff's grievance, stating:

> Mr. Wiley, the reasoning behind you not being delivered to Superior Court on your writ as you have stated is your attorney had received a secured leave (vacation as it has been explained to me). Due to your attorney not being in town your writ has been postponed until later this month when you can have proper representation in the courtroom. This responsibility cannot be placed upon the Sheriff nor those that represent him therefore your grievance is dismissed in full.

(Id. at ¶ 21).

On August 20, 2010, Judge Thornburg issued another writ of habeas corpus and set Plaintiff's habeas corpus hearing for August 27, 2010. (Doc. No. 20-1 at 4). Plaintiff filed his Complaint on August 25, 2010. (Doc. No. 1). On August 27, 2010, Plaintiff was brought before Judge Thornburg and his petition for a writ of habeas corpus was denied. (Doc. No. 20-1 at 5).

Plaintiff alleges that the County, Sheriff Duncan, and BCDF violated the Sixth and Fourteenth Amendments of the U.S. Constitution. Plaintiff has further alleged that the County and Hansen have violated his right to due process by failing to deliver his writ of habeas corpus order to the intended parties. Plaintiff also contends that the Defendants have violated Article IV § 18, Subsection 2 and Article I, § 19 of the North Carolina Constitution.

## II. LEGAL STANDARD

In its review of a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs, Inc. v. Matakari, 7 F.3d 1130, 1134 (4th Cir. 1993). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at

3

563. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

### III.  DISCUSSION

#### A.  Habeas Claims

Claims affecting the fact or duration of confinement generally may not be litigated under §1983. Heck v. Humphrey, 512 U.S. 477 (1994); Preiser v. Rodriguez, 411 U.S. 475 (1973). In Preiser v. Rodriguez, the Supreme Court considered the overlap between a case filed pursuant to 42 U.S.C. § 1983 and a case filed under the habeas corpus statute pursuant to 28 U.S.C. § 2254, and concluded that habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release. 411 U.S. 475 (1973).

In Heck v. Humphrey, the Supreme Court considered a case not covered by Preiser, in which a petitioner sought not immediate or speedier release, but monetary damages. The Heck Court concluded that in order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been: (1) reversed on direct appeal, (2) expunged by executive order, (3) declared invalid by a state tribunal, or (4) called into question by a federal court's issuance of a § 2254 writ. 512 U.S.

477, 486-87 (1994). The Supreme Court required that "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in plaintiff's favor would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Id. at 487.

In 2005, the Supreme Court clarified that § 1983 actions are barred, no matter the relief sought, "if success in that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson v. Dotson, 544 U.S. 74, 82 (2005). The Wilkinson Court emphasized that habeas corpus was the exclusive remedy for state prisoners who "seek to invalidate the duration of their confinement – either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the State's custody." Id. at 81-82. Section 1983 relief "remains available for procedural challenges where success in the action would not necessarily spell immediate or speedier release for the prisoner." Id.

Here, Plaintiff alleges that he is being unlawfully confined as a pretrial detainee in the Buncombe County Detention Facility. Plaintiff contends that his confinement in the BCDF is without probable cause. (Doc. No. 1 at ¶ 16). Plaintiff's claim challenges the terms of his confinement and calls into question the validity of his criminal charges. In addition, on August 27, 2010, Judge Thornburg denied Plaintiff's petition for writ of habeas corpus challenging his incarceration. Because Plaintiff's § 1983 action is challenging the terms of Plaintiff's confinement and attempting to overturn Judge Thornburg's denial of Plaintiff's petition for writ of habeas corpus, Plaintiff's § 1983 claim intrudes upon the "core" of habeas corpus and cannot be maintained under § 1983. Preiser, 411 U.S. at 487; Wilkinson, 544 U.S. 74, 79 (2005).

Courts have applied the Heck holding to suits filed by pretrial detainees. Green v. Dewitt, No. Civ.A.8:06-0626-MBS, 2006 WL 1074983, at *3 (D.S.C. Apr. 20, 2006) ("Although the decision in Heck v. Humphrey concerned a conviction, its rationale is also applicable to pretrial detainees such as Plaintiff."); Hamilton v. Lyons, 74 F.3d 99, 102-103 (5th Cir. 1996). In Daniel v. Ruph, a district court applied the holding in Heck v. Humphrey to a pretrial detainee:

> In this case, plaintiff seeks damages under § 1983 based on a violation of his Sixth Amendment right to put on a meaningful defense. A judgment in favor of the plaintiff on that claim would imply the invalidity of his ongoing criminal proceedings. If plaintiff were successful in showing that he had been denied his constitutional right to prepare his defense, any conviction which flowed from that denial would be invalidated. Therefore, the instant allegations fail to state a cognizable claim under § 1983 and are DISMISSED without prejudice.

Daniel v. Ruph, No. C–94–3317 EFL, 1994 WL 589352, at *2 (N.C. Cal. Oct. 12, 1994) (footnote omitted); see also Westpoint v. Wilson, No. 2:11–1480–RMG–BM, 2011 WL 3490085, at *2 (D.S.C. July 19, 2011) ("[I]nsofar as the plaintiff's pre-trial detention and pre-trial proceedings are concerned, the § 1983 complaint is subject to summary dismissal because a right of action with respect to the plaintiff's detention and pending criminal proceedings has not yet accrued.") (citing Heck, 512 U.S. 477); Nelson v. Murphy, 44 F.3d 497 (7th Cir.1995) ("[A]n inmate already participating in state litigation must make his stand there rather than attempt the equivalent of federal-defense removal by filing an independent § 1983 suit.").

Therefore, based on the principles articulated by the Supreme Court in Preiser, Heck, and Wilkinson, the Court must dismiss those claims in Plaintiff's § 1983 Complaint affecting the fact or duration of his confinement. Plaintiff's claims against Sheriff Duncan, Buncombe County and BCDF for unlawful incarceration are **DISMISSED**.

> B.   Buncombe County Deputy Clerk of Courts Kathryn Hansen

On July 30, 2010, Judge Thornburg issued an order directing the Sheriff of Buncombe County to bring Plaintiff before him on August 13, 2010 pursuant to a writ of habeas corpus. (Doc. No. 1 at 14-15). Plaintiff alleges that he was not taken before Judge Thornburg for his scheduled hearing because Deputy Clerk of Courts Hansen failed to deliver Judge Thornburg's order to the appropriate parties. (Id. at ¶ 16). In response to his grievance, however, Plaintiff learned on August 18, 2010 that he was not delivered to the courthouse for his scheduled writ hearing because his attorney was out of town. Indeed, his hearing was rescheduled for August 27, 2010, at which time Plaintiff appeared before Judge Thornburg. (Doc. No. 20-1 at 4).

Plaintiff also complains that Hansen wrote a letter to Plaintiff in which "she suggested that the plaintiff, do not write this office again." (Doc. No. 1 at ¶ 16). In support of this allegation, Plaintiff attaches a copy of a letter from the Office of Superior Court Judges. The letter does not bear Hansen's name and does not appear to come from the Buncombe County Clerk's Office.

In her role as the Clerk of Court for Buncombe County, Hansen has quasi-judicial immunity. Plaintiff alleges that Hansen failed to deliver the writ of habeas corpus signed by Judge Thornburg "to the intended parties." (Doc. No. 1 at 2). Plaintiff's claim fails for two reasons. First, Plaintiff has failed to allege sufficient facts to support his allegations. The facts indicate that Plaintiff's hearing was rescheduled because his attorney was out of town and not because of Hansen's alleged failure to deliver Judge Thornburg's order. Further, it does not appear that Hansen had any role in the letter sent to Plaintiff suggesting that Plaintiff "not write this office again."

Second, Plaintiff's claim fails because to the extent that Hansen was involved in any of the misdeeds alleged by Plaintiff, Hansen is afforded quasi-judicial immunity:

7

> Immunity which derives from judicial immunity may extend to persons other than a judge where performance of judicial acts or activity as an official aide of the judge is involved. Dennis v. Sparks, 449 U.S. 24 (1980); see also Gravel v. United States, 408 U.S. 606 (1972). Thus, clerks of courts have been ruled immune to suit under § 1983 when performing "quasi-judicial" duties. E. g., Smith v. Rosenbaum, 460 F.2d 1019 (3rd Cir. 1972) (setting bail pursuant to statute); Denman v. Leedy, 479 F.2d 1097 (6th Cir. 1973).

Henriksen v. Bentley, 644 F.2d 852, 855 (10th Cir. 1981). The doctrine of absolute quasi-judicial immunity has been adopted and made applicable to court support personnel because of the "danger that disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly, will vent their wrath on clerks, court reporters, and other judicial adjuncts." Kincaid v. Vail, 969 F.2d 594, 601 (7th Cir. 1992) (quotation omitted); see also Ashbrook v. Hoffman, 617 F.2d 474, 476 (7th Cir.1980) (collecting cases on immunity of court support personnel); Green v. North Carolina, No. 4:08–CV–135–H, 2010 WL 3743767, at *3 (E.D.N.C. Sept. 21, 2010) ("All claims which arose out of actions by the superior court judge and/or the clerk of court within their capacities as judicial officers were dismissed as barred by the doctrine of judicial immunity."); Glover v. Gaston Cnty. D.A. Office, No. 3:07CV234, 2007 WL 2712945, at *2 (W.D.N.C. Sept. 14, 2007) (Mullen, J.) ("Defendant Gaston County Clerk of Courts is an elected official in the judicial branch of North Carolina, and therefore, enjoys immunity from Glover's complaint.").

Plaintiff's claims against Hansen in her individual and official capacities are, therefore, **DISMISSED**.

### C.    Buncombe County Sheriff Van Duncan

To the extent plaintiff seeks damages for alleged unlawful incarceration from Sheriff Duncan, Plaintiff's claim must fail. Plaintiff alleges that Sheriff Duncan violated Judge Thornburg's order to bring Plaintiff before the Judge on August 13, 2010. However, as

8

Case 1:10-cv-00181-RJC   Document 48   Filed 03/02/12   Page 8 of 13

explained above, Plaintiff's August 13, 2010 hearing was rescheduled because his attorney was out of town.  Plaintiff has failed to allege sufficient facts to support a claim against Sheriff Duncan and Sheriff Duncan is, therefore, **DISMISSED**.

      D.      <u>Buncombe County Detention Facility</u>

In order to successfully allege a violation of 42 U.S.C. § 1983, the plaintiff must allege that a "person" acting under the color of state law violated the plaintiff's constitutional rights. The Buncombe County Detention Facility is not a person under § 1983.

Rule 17(b) of the Federal Rules of Civil Procedure states that a party's capacity to be sued is determined by the law of the state in which the District Court is held.  Under North Carolina law, unless a statute provides to the contrary, only persons in being may be sued. <u>McPherson v. Bank</u>, 240 N.C. 1, 18 (1954).  Jails may not be sued.  <u>Brooks v. Pembroke City Jail</u>, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989) ("Claims under § 1983 are directed at "persons" and the jail is not a person amenable to suit."); <u>Thomas v. Anderson City Jail</u>, No. 6:10-327Q-RMG-KFM, 2011 WL 534392, at *1 (D.S.C. Feb. 8, 2011) ("The Anderson City Jail is an inanimate object that can not act under color of state law and therefore is not a "person" subject to suit under 42 U.S.C. § 1983."); <u>Curry v. Charleston County Detention Center</u>, No. No. 0:10-2823-HFF-PJG, 2010 WL 5441970, at *2 (D.S.C. 2010) ("'The Charleston County Detention Center' is not a 'person' within the meaning of § 1983.").  BCDF is not a "person" for § 1983 purposes and lacks the capacity to be sued.  Therefore, Plaintiff's claims against BCDF are **DISMISSED**.

      E.      <u>Buncombe County</u>

Plaintiff alleges that Buncombe County has violated his constitutional rights based on the conduct of Sheriff Duncan.  However, a county may only be held liable for acts for which the

9

county has final policymaking authority. See City of St. Louis v. Praprotnik, 485 U.S. 112, 123 (1988). Whether a county or county official has final policymaking authority in a specific area is a question of state law. Id. "In North Carolina, the Office of Sheriff is a legal entity, established by the state constitution and state statutes, separate and distinct from the Board of County Commissioners because a sheriff is elected by the people, not employed by the county." Little v. Smith, 114 F. Supp. 2d 437, 446 (W.D.N.C. 2000) (Horn, J.) (citing N.C. GEN. STAT. § 162-1); see also Boyd v. Robeson Cnty., 169 N.C. App. 460, 466 (2005) (holding that under North Carolina law, a sheriff is an agent of "the office of the Sheriff" and an official-capacity suit against him is a suit against that office).

"It is the sheriff and not the county that has final decision making authority over the policies and personnel of his office, and the sheriff's deputies and detention officers "are appointed and act for the sheriff, who alone is responsible for their conduct." Styers v. Forsyth Cnty., 212 N.C. 558, 561 (1937). In addition, the sheriff has exclusive custody and control over the jail in his county. See N.C. GEN. STAT. § 162-22 (2010) ("The sheriff shall have the care and custody of the jail in his county; and shall be, or appoint, the keeper thereof."); see also Knight v. Vernon, 214 F.3d 544, 545 (4th Cir. 2000) ("Sheriffs run the county jails in North Carolina."). Since Buncombe County by law has no control over the Sheriff's employees and/or control over the jail, Buncombe County cannot not be liable for the actions of Sheriff Duncan or those of his detention officers for events that occur at the Buncombe County Detention Facility operated by the Sheriff of Buncombe County.

To the extent that Plaintiff argues that Buncombe County is responsible for the actions of Clerk Hansen, this claim must also fail. Pursuant to Article IV, § 9 of the North Carolina Constitution, the Clerk of Superior Court is also an elected office. Pursuant to N.C. Gen. Stat. §

10

7A-102, the Clerk appoints the assistants, deputies and other employees in the clerk's office to serve at his pleasure. Buncombe County has no authority to make policy for the Clerk of Court and/or his assistants. Plaintiff has failed to state a claim against Buncombe County for Hansen's actions.

Plaintiff's claims against Buncombe County are **DISMISSED**.

F.  Plaintiff's Motion for Leave to Alter Judgment

Plaintiff asks this Court to alter its judgment denying Plaintiff's motions, (Doc. Nos. 7; 24; 38; 44). The Court will construe Plaintiff's Motion as a Motion to Reconsider. Plaintiff alleges that 1) this Court "was in violation of the North Carolina Code of Judicial Conduct, Canon 3(A)(1) and 3(A)(4) which requires an investigation as a matter of law," 2) "since the filing of the plaintiff's complaint and motions, critical evidence is being denied as a matter of law that gives merit to plaintiff's case," and 3) this Court based its decision on bias and prejudice and "should have disqualified himself in the proceedings in which his impartiality was in question as a matter of law." (Doc. No. 47 at 1-2). Plaintiff offers no factual support for his allegations.

Under Federal Rule of Civil Procedure 54(b), "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties" may be revisited by the court at any time before an entry of final judgment. FED. R. CIV. P. 54(b). Rule 54 does not set out a standard for reconsideration of interlocutory orders, like the one at issue here. The Fourth Circuit has held that a motion for reconsideration under Rule 54 is not subject to the same "strict standards" applicable to motions for reconsideration of a final judgment. Am. Canoe Ass'n v. Murphy Farms, Inc., 326 F.3d 505, 514 (4th Cir. 2003).

Though motions for reconsideration of interlocutory orders are subject to a lower

11

standard, they are appropriately granted only in narrow circumstances: (1) the discovery of new evidence, (2) an intervening development or change in the controlling law, or (3) the need to correct a clear error or prevent manifest injustice.  Pender v. Bank of America Corp., No. 3:05-CV-238-GCM, 2011 WL 62115 at *1 (W.D.N.C. Jan. 7, 2011) (Mullen, J.); see also Stephens v. Wachovia Corp., No. 3:06-CV-246-MR, 2008 WL 1820928 at *2 (W.D.N.C. Apr. 21, 2008) (noting that "the decision whether to reconsider or modify an interlocutory order is a matter within the discretion of the Court"); Akeva, L.L.C. v. Adidas America, Inc., 385 F. Supp. 2d 559, 565 (M.D.N.C. 2005).

Plaintiff has not identified any of the narrow circumstances appropriate for granting a motion to reconsider; namely, Plaintiff has not identified the new evidence that he alleges has been discovered, and has not alleged that there has been an intervening development or change in the law, or that there is a need to correct a clear error or prevent a manifest injustice.  Therefore, Plaintiff's Motion for Leave to Alter Judgment, (Doc. No. 47), is **DENIED**.

## IV.     CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Defendants Buncombe County, Sheriff Van Duncan and the Buncombe County Detention Facility's Motion to Dismiss, (Doc. No. 20), is **GRANTED**;

2. Defendant Kathryn M. Hansen's Motion to Dismiss, (Doc. No. 21), is **GRANTED**; and

3. Plaintiff's Motion for Leave to Alter Judgment, (Doc. No. 47), is **DENIED**.

Signed: March 2, 2012

*Robert J. Conrad, Jr.* (signature)

Robert J. Conrad, Jr.
Chief United States District Judge